Donald DAVIS, Jr., a minor by his mother and next friend, Mrs. Sadie Davis, et al., Plaintiffs-Appellees,

v.

SCHOOL DISTRICT OF the CITY OF PONTIAC, INC., et al., Defendants-Appellants.

No. 73–1561.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 16, 1973.

Decided Nov. 16, 1973.

---

1. Woodhous was represented by different counsel on appeal.

———◆———

Robert E. Manley, Cincinnati, Ohio, for defendants-appellants; Dudley & Patterson by Harold W. Dudley, William R. Lightbody, Bloomfield Hills, Mich., Joseph R. Jordan, Cincinnati, Ohio, of counsel.

William Waterman, Pontiac, Mich., for plaintiffs-appellees; Hatchett, Waterman & Spinks by Elbert L. Hatchett, Pontiac, Mich., on brief.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from the reaffirmation of an order that requires the defendant School District to create a position for a third assistant superintendent and to hire a Negro to fill the position. Initially, the order was vacated and remanded to permit the district court "to consider whether the creation of such a position and its filling by a black person in the light of current conditions within the school system is indicated to dismantle the unconstitutional condition that he found to exist." Davis v. School District of City of Pontiac, Inc., 474 F.2d 46 (6th Cir. 1973).

Without a hearing or notice to either party, on April 16, 1973, the district court reinstated its prior order and directed that it be implemented forthwith. A stay of implementation was granted upon application.

Appellant contends that the district court did not comply with our directions because it did not afford an opportunity for a hearing to permit appellant to show that under "current conditions" the school system needs only one assistant superintendent. However, we observe that in obedience to the request of the district court, appellant had filed two comprehensive reports summarizing the status of the operations in the School District with particular reference to the progress of efforts to desegregate the system in . compliance with the court's earlier orders. One status report reflected conditions as of February 29, 1972, and the other, conditions on February 28, 1973. The order from which this appeal is taken was entered April 13, 1973 and, therefore, it cannot be said that the court was without information concerning current conditions.

The order recites, in pertinent part:

The provisions of the order of this Court mandating the appointment in question, which was entered at the conclusion of the hearing held in July. 1971, was an essential part of the judicial remedy that this Court devised, in the exercise of its discretion, to eliminate the *de jure* segregation existing at all levels of the Pontiac School System. The requirement that a black assistant superintendent be hired *was and continues to be* a crucial part of the comprehensive remedy necessary to rectify the result of years of purposeful segregation. (Emphasis added.)

We also observe that appellant, which filed the status report, made no request to submit any other evidence in order to demonstrate that an additional assistant superintendent was unnecessary in light of current conditions.

■■ Once a past constitutional violation has been established, "the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." Swann v. Charlotte-Mecklenberg Board of Education, 402 U.S. 1, 15, 91 S.Ct. 1267, 1276, 28 L.Ed.2d 554 (1971). We hold that the district court sufficiently complied with our directions on remand and that the order, as reinstated, is properly within the scope of the court's broad equitable powers to eliminate the unconstitutional segregation.

Affirmed.